UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| JOSEPH M. FRIEDHEIM and | ) | |
| JOYCE A. FRIEDHEIM, | ) | 05-35210-HDH-7 |
| | ) | |
| Debtors. | ) | |
| ------------------------------------------------------- | ) | |
| THE CADLE COMPANY, | ) | |
| | ) | |
| Appellant, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:07-CV-0181-G |
| | ) | |
| JOSEPH M. FRIEDHEIM and | ) | |
| JOYCE A. FRIEDHEIM, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an appeal by The Cadle Company ("Cadle," "the creditor," or "the appellant") from a final order of the bankruptcy court. Cadle challenges the bankruptcy court's decision that certain Individual Retirement Accounts ("IRAs") belonging to the debtors Joseph M. Friedheim and Joyce A. Friedheim (collectively,

"the Friedheims," "the debtors," or "the appellees") were exempt property not included in the bankruptcy estate. For the reasons stated below, the order of the bankruptcy court is affirmed.

## I. BACKGROUND

The Friedheims filed a petition for relief under Chapter 7 of the Bankruptcy Code. Brief of Appellant The Cadle Company ("Appeal") at 4. On or about May 23, 2005, the debtors filed their schedules in the bankruptcy case; they amended the schedules on July 7, 2007. *Id.* Included in the amended schedules were four separate IRAs. *Id.* The Friedheims claimed that these IRAs were exempt property under TEX. PROP. CODE ANN. § 42.0021. *Id.*

Cadle timely objected to the schedule, alleging that the debtors' IRAs were neither properly funded nor qualified under applicable non-bankruptcy law. *Id.* at 5. Cadle later withdrew its objection that the IRAs were improperly funded. *Id.* Thus, the order from which Cadle appeals considered only whether the IRAs qualified as exempt property. *Id.*

On November 14, 2006, the bankruptcy court held a hearing on Cadle's objection to the scheduling of the IRAs. *Id.* At that hearing, the bankruptcy court determined that Federal Rule of Bankruptcy Procedure 4003(c) governed the court's inquiry and thus held that the burden of proof was on Cadle to show, by a preponderance of the evidence, that the IRAs did not qualify as exempt property

under applicable non-bankruptcy law. *Id.* at 5-6. At the hearing, the Friedheims called two witnesses, including one expert, besides themselves, to testify on their behalf. *Id.* at 6. At the conclusion of the hearing, the bankruptcy court ruled that Cadle had failed to satisfy its burden of proof. *Id.* In the alternative, the court held that if the burden of proof resided with the Friedheims, they had proven by a preponderance of the evidence that the IRAs were exempt. *Id.* at 9. This appeal followed.

## II. ISSUES

This appeal presents two issues: (1) which party -- debtor or creditor -- had the burden of proof when Cadle objected to the Friedheims' claim that these IRAs were exempt property under Texas law, and what is the applicable standard of proof; and (2) if the bankruptcy court correctly determined the standard, was the bankruptcy court's ruling clearly erroneous?[1]

---

[1] Cadle also raises the issue of whether a court can make a ruling in the alternative as was done by the bankruptcy court in this case. It offers no legal authority to support its argument that such rulings are improper. Moreover, it has been the experience of this court that such rulings are both proper and efficient. The bankruptcy court's holding was internally consistent. The bankruptcy court found that the burden of proof rested with Cadle, which needed to prove, by a preponderance of the evidence, that the IRAs were not qualified. By its terms, the preponderance of evidence standard requires that the party on whom the burden of proof lies to prove its position by more than 50 percent of the evidence. See *Matter of Bell Petroleum Services, Inc.*, 3 F.3d 889, 909 (5th Cir. 1993) (Parker, J., concurring) ("Civil cases are decided by a preponderance of the evidence . . . . Evidence by 'fifty-one percent,' or to the extent of 'more likely than not,' is deemed sufficiently reliable . . ."). The bankruptcy court's alternative holding was analytically proper.
(continued...)

III. ANALYSIS

A. Jurisdiction

This court exercises jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001. 28 U.S.C. § 158(a)(1); Bankruptcy Rule 8001.

B. Standard of Review

In reviewing a decision of the bankruptcy court, this court functions as an appellate court and applies the standards of review generally applied in federal court appeals. *Matter of Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *Matter of Coston*, 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Matter of Hipp, Inc.*, 895 F.2d 1503, 1517 (5th Cir. 1990)). Conclusions of law are reviewed *de novo*. *Matter of Herby's Foods, Inc.*, 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact, on the other hand, whether based on oral or documentary evidence, are not to be set aside unless clearly erroneous, and due regard must be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *See* Bankruptcy Rule 8013; see also *Herby's Foods, Inc.*, 2 F.3d at 130-31. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Matter of Missionary*

---

[1](...continued)
Whether the burden was on the debtor or the creditor, the bankruptcy court found that more than 50 percent of the evidence weighed in favor of the debtors.

*Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir. 1983) (quoting *United States v. United States Gypsum Company*, 333 U.S. 364, 395 (1948)). Mixed questions of law and fact are reviewed *de novo*. *Matter of National Gypsum Company*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). The instant appeal involves both a question of law and a question of fact. Thus, the court will review the legal issue (who has the burden of proof with regards to a scheduled exemption and what standard of proof is necessary) under a *de novo* standard, and the factual question (whether a preponderance of the evidence was in favor of the debtors) under a clearly erroneous standard.

### C. Standard for Exemptions in Bankruptcy Proceedings

Under 11 U.S.C. § 522, a debtor in bankruptcy can exempt certain property from the bankruptcy proceedings and protect that property from subsequent attempts to collect on antecedent debts. 11 U.S.C. § 522(c). Within § 522 is a list of various interests in property -- real and personal, tangible and intangible -- that a debtor can exempt. *See* § 522(d). The Bankruptcy Code authorizes a debtor to choose exemptions available under state law or to rely on the exemptions provided in § 522(d). *See* § 522(b)(2). In this case, the Friedheims elected the exemptions allowed by Texas state law. They scheduled the four IRAs at issue as exempt under TEX. PROP. CODE ANN. § 42.0021, which provides that retirement plans are exempt as long as they qualify under certain sections of the Internal Revenue Code.

Under TEX. PROP. CODE ANN. § 42.0021, a party claiming the exemption has the initial burden of demonstrating that the interest in question is of a type listed in § 42.0021. See *Lozano v. Lozano*, 975 S.W. 2d 63, 67 n.4 (Tex. App. -- Houston [14th Dist.] 1998, pet. denied). However, because § 42.0021 states that the interest is exempt "*unless* the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986," TEX. PROP. CODE ANN. § 42.0021 (emphasis added), the burden on the claimant ends with this minimal showing. See *Lozano*, 975 S.W. 2d at 67 n.4. The claimant need not "affirmatively prove that [the interest] qualifies under the [Internal Revenue Code]." *Id.*; see also *In re Jarboe*, 365 B.R. 717, 721-22 (Bankr. S.D. Tex. 2007) ("It is the burden of the party claiming an exemption under § 42.0021 of the Texas Property Code to prove that he is entitled to it. But combined with the liberal rule of construction, evidence that an account is an IRA is sufficient to establish that it is exempt, unless evidence is presented that the IRA does not qualify for exempt treatment under the Internal Revenue Code.") (internal citations omitted). Neither the parties nor this court were able to find an articulation by the Texas state courts of the applicable standard of proof which must be met by the objecting party. That is, while *Lozano* makes clear that the burden is on the objecting party, it does not explain whether the burden is satisfied by a preponderance of the evidence or some more stringent standard.

While Texas state law may be silent on the subject, the Federal Rules of Bankruptcy Procedure give an indication of the applicable standard. FED. R. BANKR. P. 4003(b) allows a party to object to the debtor's claim of exemption. FED. R. BANKR. P. 4003(c) provides that "[i]n any hearing under [Rule 4003], the objecting party has the burden of proving that the exemptions are not properly claimed." For its part, the Fifth Circuit has not interpreted this standard. However, because several bankruptcy and district courts within the Fifth Circuit have applied this provision in the past, the court is not writing on a blank slate.

The court finds *In re Cole*, 205 B.R. 382 (Bankr. E.D. Tex. 1997), instructive on the applicable burdens of proof when an exemption is claimed. Exemptions claimed by the debtor are presumed valid until proven otherwise. *Id.* at 384-85; see *Pequeno v. Smith*, 307 B.R. 568, 584 (S.D. Tex. 2004), *aff'd*, 126 Fed. App'x 158 (2005); *In re Harrington*, 306 B.R. 172, 181 (Bankr. E.D. Tex. 2003) (merely claiming the exemption establishes a prima facie claim that the interest is exempt).[2] To overcome the presumption of exemption, the objecting party must provide evidence in rebuttal. See *In re Cole*, 205 B.R. at 384; *Pequeno*, 307 B.R. at 584. "When an issue is in doubt because of the proof provided and the Court would be required to

---

[2] There is at least some indication that the debtor must do slightly more than schedule the interest as exempt. That is, as stated by the court in *Lozano*, the debtor must demonstrate that the interest is of a type for which the exemption is applicable. See *In re Foster*, 360 B.R. 210, 213-14 (Bankr. E.D. Tex. 2006) (citing *Lozano*, 975 S.W. 2d at 67).

speculate, the party upon whom the burden of proof ultimately rests must lose." *In re Cole*, 205 B.R. at 384. Other courts within the Fifth Circuit have held that the objecting party must support its objection by a preponderance of the evidence. See *In re Soza*, 358 B.R. 903, 906 (S.D. Tex. 2006).

In the instant case, Cadle urges the court to replace the standard applied by the various district and bankruptcy courts of the Fifth Circuit with a shifting burden of proof adopted by the Ninth Circuit. *See* Brief of Appellant at 14 (citing *In re Carter*, 182 F.3d 1027 (9th Cir. 1999)). Under this shifting burden standard, while the burden of persuasion rests at all times with the objecting party, the burden of production shifts between the debtor and the objecting party. The debtor must make an initial showing to demonstrate that the claimed exemption is qualified under the terms of the statutory exemption; the defendant then must offer some evidence in rebuttal of that evidence. Notably, Cadle does not offer a standard that must be met in order to consider the objecting party's showing to be sufficient rebuttal evidence. The ultimate burden of production then falls on the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. The court is unpersuaded by Cadle's arguments in favor of adopting this new standard. Rather the court will apply the plain meaning of FED. R. BANKR. P. 4003(c) and the Texas common law.

Once the Friedheims made their minimal showing that the IRAs in question were an interest of a type exempt under TEX. PROP. CODE ANN. § 42.0021, the burden was on Cadle to demonstrate that the IRAs were not exempt. Presumably, Cadle needed to satisfy its burden by a preponderance of the evidence. See *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Accordingly, the court finds that the bankruptcy court applied the proper legal standard for resolving the exemption issue. Thus, for Cadle to be successful on this appeal, it must prove that the factual determinations made by the bankruptcy court were clearly erroneous.

### D. Review of Factual Findings for Clear Error

In the brief in support of its appeal, Cadle points to no evidence from the bankruptcy court record indicating clear error. In fact, Cadle points to no evidence in support of its contention that the IRAs in question did not qualify as exempt property under Texas state law. Rather, Cadle only directs the court to equivocations of the debtors' witnesses on the question of whether the IRAs are qualified. However, because the court concludes that the burden was on Cadle to prove by a preponderance of the evidence that the plans were not qualified, the witnesses' uncertainties do not rise to the level of evidence demonstrating that the IRAs did not qualify under TEX. PROP. CODE ANN. § 42.0021. In other words, testimony by the debtors and their witnesses that they are unsure whether the plans meet the requirements of the Internal Revenue Code is not evidence that the plans do not meet

the requirements of the Internal Revenue Code. Cadle directs the court to no testimony, documents, or other evidence in the record showing that it met its burden of proving, by a preponderance of the evidence, that these IRAs did not qualify as an exempt property. Accordingly, the bankruptcy court's decision that Cadle failed to meet its burden was not clearly erroneous.

### III. CONCLUSION

For the above reasons, the bankruptcy court's order denying Cadle's objection is **AFFIRMED**.

**SO ORDERED**.

August 14, 2007.

_____
A. JOE FISH
CHIEF JUDGE